UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:16-CR-98 |
| | ) JUDGE GREER |
| JAMES FITZGERALD SIMONTON | ) |
| also known as "Boogie" | ) |

SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through the United States Attorney for the Eastern District of Tennessee, and files this sentencing memorandum.

The defendant was convicted, following a jury trial, of Counts One, Three, and Seven of the superseding indictment, charging him with possession of a firearm by a convicted felon; Count Five, charging him with a conspiracy to distribute 280 grams or more of cocaine base; Count Six, charging him with possession of a firearm in furtherance of a drug trafficking offense; and Count Eleven, charging him with threatening a witness. The defendant faces a combined minimum mandatory sentence of 15 years up to a statutory maximum of life imprisonment. The Presentence Report prepared by U.S. Probation establishes the advisory guideline range to be an offense level of 38 with a criminal history category of IV, or 324 months to life. With the required consecutive 60 month minimum mandatory sentence for Count Six, the effective guideline range is 384 months to life. For the reasons that follow, the United States believes that the advisory guideline range adequately considers the sentencing factors enumerated in 18 U.S.C. §3553(a), and that a sentence of life imprisonment will be sufficient, but not greater than necessary to fulfill the purposes of sentencing set forth in 18 U.S.C. § 3353(a)(2).

On May 4, 2016, the defendant attempted to murder his own son, firing multiple shots from an assault rifle at the vehicle in which his son and a juvenile passenger were traveling. These actions resulted in injuries to both the defendant's son and the juvenile. During the

resulting investigation, the defendant was found to be in possession of multiple firearms, and to be a distributor of crack cocaine

The following factors enumerated in 18 U.S.C. §3553(a) are relevant to the sentencing of this defendant:

A.  Nature and circumstances of the offense.

The offense committed by the defendant was violent, resulting in the injury of two persons, and could have just as well resulted in death.  Couple this with his distribution of crack cocaine while armed, and his attempt to obstruct justice by threats of violence, the nature and circumstances of the offenses are among the most serious before this court.

B.  History and characteristics of the defendant.

The presentence report accurately reflects the history and characteristics of the defendant, beginning with drug distribution as a young man.  Notably, his history reflects a lengthy history of violent offenses involving firearms, assaults, and threats of death or serious bodily injury.  .

C.  Need for the sentence imposed to:

   1.  To reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

The offense described herein above resulted could have easily have resulted in the death of two individuals, the defendant's son and a juvenile. Additionally, the defendant's role in the distribution of crack cocaine is a serious crime.   That he recruited two sons, to whom he had never served as a real father, to sell crack cocaine for him, further demonstrates the defendant's corrupt influence.   Then when one son agreed to cooperate against the defendant, he was met not with fatherly understanding, but threats against his life.

Defendant's criminal history and brazen actions as to the instant offenses demonstrate

2

Case 2:16-cr-00098-JRG-MCLC   Document 191   Filed 05/14/18   Page 2 of 5
PageID #: 768

that he has no respect for the law.   Life imprisonment is just punishment for the offenses.

      2.    <u>Need to afford adequate deterrence to criminal conduct.</u>

Given the defendant's lengthy criminal history, consisting of 31 paragraphs of the presentence report, including numerous violent offenses, it is clear that no period of incarceration has ever afforded adequate deterrence to criminal conduct for this defendant.   It is notable that he was arrested on multiple occasions for death threats against and assaults upon a domestic partner, despite the existence of an order of protection.   He has demonstrated that he deals with those with whom he has a quarrel through violence, including shootings, assaults, and threats of death.   Only his continued incarceration will deter him from additional crimes against the public.

      3.    <u>Need to protect the public from further crimes of the defendant.</u>

The defendant's 31 paragraphs of prior convictions and numerous other arrests reflect a defendant who is not amenable to rehabilitation. Clearly, this history reflects that prior sentences have not gotten the defendant's attention and the risk of continued recidivism is great. The defendant's threat to the public must be stopped and only life imprisonment will be sufficient to protect the public.

      4.    <u>Need to provide educational or vocational training, medical care, or correctional treatment in the most effective manner.</u>

The Bureau of Prisons can adequately address any health issues of the defendant and provide treatment for his violent behavior.

    D.    <u>Kinds of sentences available and sentencing range established by the guidelines.</u>

The presentence report correctly describes the guideline range as well as the sentences available.

E. <u>Need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct.</u>

The imposition of a guidelines sentence will avoid unwarranted sentence disparities.

F. <u>Need to provide restitution and order a monetary fine.</u>

No claim for restitution has been made.

G. <u>Conclusion.</u>

For the foregoing reasons, the United States submits that the defendant should be sentenced to a guideline sentence of life imprisonment, and that such a sentence will be sufficient, but not greater than necessary to meet the objectives set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

J. DOUGLAS OVERBEY
United States Attorney

By: s/ *J. Gregory Bowman*
J. GREGORY BOWMAN
Assistant U.S. Attorney
220 West Depot Street, Ste. 423
Greeneville, TN 37743

CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2018 a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other interested parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

4

By: s/ *J. Gregory Bowman*
J. Gregory Bowman
Assistant U.S. Attorney

5